UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROLETTE MEADOWS on behalf of her MINOR CHILD, VM,
Plaintiff,

v.

BUFFALO PUBLIC SCHOOLS, *et al*.,

Defendants.

---

**REPORT AND RECOMMENDATION**

14-CV-00762-WMS-JJM

Before me is plaintiff's motion for leave to file a late notice of claim pursuant to N.Y. Education Law §3813(2-a) [11].[1] That motion, being dispositive, has been referred to me by Hon. William M. Skretny for a Report and Recommendation [22]. For the following reasons, I recommend that the motion be granted.

## BACKGROUND

Plaintiff commenced this action *pro se* on behalf of her minor child, VM, for alleged violations of Title VI of the Civil Rights Act of 1964 and for breach of contract arising from deficiencies with the educational opportunities provided to VM by defendant Buffalo Public Schools. Complaint [1]. In granting plaintiff *in forma pauperis* status, Judge Arcara dismissed, with prejudice, the Title VI claims brought by plaintiff on her own behalf, and declined to exercise jurisdiction over any state law claims brought by plaintiff on her own behalf. March 19, 2015 Decision and Order [4].

Before the *pro se* Complaint was served on the defendants, Judge Skretny appointed counsel for plaintiff on November 6, 2015, and granted her until December 31, 2015

---

1 Bracketed references are to the CM/ECF docket entries.

to file an Amended Complaint. November 6, 2015 Decision and Order [6]; November 23, 2015 Text Order [7]. Plaintiff timely filed an Amended Complaint [8], which, *inter alia*, added the members of the Buffalo Board of Education as defendants. With defendants' consent [9], plaintiff then filed a Second Amended Complaint on January 26, 2016 [10], followed by her motion for leave to file a late notice of claim on February 1, 2016 [11].

Relevant to this motion, the Second Amended Complaint [10] alleges that VM (born in May 2003) is African American and enrolled in the defendant Buffalo Public Schools. After VM was not accepted into a criteria-based school in 2012 or 2013 (id., ¶¶5, 19, 39-45), plaintiff filed a complaint with the United States Department of Education Office of Civil Rights ("OCR"), alleging that defendant Buffalo Public Schools discriminated against VM on the basis of race by denying her admission into a criteria-based school (id., ¶46). Following OCR's investigation, defendant Buffalo Public Schools voluntarily agreed to implement a Resolution Agreement with the OCR on June 26, 2014 to resolve plaintiff's complaint (id., ¶¶48-52),[2] which required, *inter alia*, that

> "a. that by July 31, 2014, [defendant Buffalo Public Schools] would review the applications of VM . . . to criteria-based schools for the 2013-2014 school year, and determine whether VM . . . w[as] treated the same as similarly situated applicants of other races in the admissions process;
>
> b. based upon th[at] . . . it would consider whether VM . . . should be admitted for the 2014-2015 school year to the criteria-based school to which they applied;
>
> c. if VM . . . w[as]re not admitted to the criteria-based schools to which they had applied for school year 2014-2015, Defendant BPS would provide support services during the 2014-2015 school year designed to prepare VM . . . to become [a] successful applicant[ ]; [and]

[2] Plaintiff alleges that she is an intended beneficiary of the Resolution Agreement. Second Amended Complaint [10], ¶92.

d. it would re-examine whether VM . . . could successfully enter the criteria-based school of their choice for the 2015-2016 school year under the newly revised admissions criteria for those schools" (id., ¶53).

Similar to the breach of contract claim alleged in the Complaint [1], the Second Amended Complaint alleges that defendants breached the Resolution Agreement by failing to: 1) review VM's application to criteria-based schools for the 2013-2014 academic year; 2) consider whether VM should be admitted for the 2014-2015 school year to certain criteria-based schools; 3) provide any support services to VM during the 2014-2015 academic year; 4) revise the admission criteria for their criteria-based schools;[3] and 5) prepare her to become a successful applicant for a criteria-based school of her choice for the 2015-2016 school year (id., ¶¶91-96, Third Cause of Action). Plaintiff acknowledges that in order to pursue her claim for breaches of the Resolution Agreement, she must file a notice of claim on the defendant Buffalo Public Schools, and seeks leave pursuant to N.Y. Education Law §3813(2-a) to do so belatedly.[4]

**ANALYSIS**

N.Y. Education Law §3813(1) requires litigants to file a notice of claim in advance of a suit against a school district within three months of the accrual of such claim. The statute also provides that a court may "in its discretion . . . extend the time to serve a notice of

[3] Defendants do not dispute plaintiff's argument that her allegation that defendants failed to revise the admission criteria for their criteria-based schools in violation of the Resolution Agreement asserts a public interest for which there is no notice of claim requirement. *See* Plaintiff's Memorandum of Law [12], p. 3 n.1 (*citing* Union Free School District No. 6 of Towns of Islip & Smithtown v. New York State Human Rights Appeal Board, 35 N.Y.2d 371, 379-80 (1974) (there is a "distinction is between actions and proceedings which on the one hand seek only enforcement of private rights and duties and those on the other in which it is sought to vindicate a public interest; the provisions of subdivision 1 of section 3813 are applicable as to the former but not as to the latter").

[4] Plaintiff only seeks to file a late notice of claim against defendant Buffalo Public Schools. *See* Proposed Notice of Claim [11-1].

claim". N.Y. Education Law §3813(2-a).[5] However, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant". Id. Here, the statute of limitations for plaintiff's claim is one year. *See* N.Y. Education Law §3813(2–b); Bucalo v. East Hampton Union Free School District, 351 F. Supp. 2d 33, 35 (E.D.N.Y. 2005).[6]

"[I]f the applicable statute of limitations has expired, the court lacks jurisdiction to grant an extension". Bucalo, 351 F.Supp.2d at 35. However, if the motion for an extension is filed prior to the expiration of the statute of limitations, "[i]n determining whether to grant the extension, the court shall consider, in particular, whether the district or school or its attorney . . . or other agent acquired actual knowledge of the essential facts constituting the claim within [three months of the accrual of the claim] or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant . . . before the time limited for service of the notice of claim . . . and whether the delay in serving the notice of claim substantially prejudiced the district or school in maintaining its defense on the merits". N.Y. Education Law §3813(2-a).

Here, defendants do not dispute that defendant Buffalo Public Schools received actual notice of the claim shortly after the Complaint was filed on September 10, 2014, nor do they argue that they will be substantially prejudiced in their ability to defend this action on the merits if plaintiff's motion is granted. Richmond Affirmation [11], ¶¶4, 25; plaintiff's Reply

[5] Although N.Y. General Municipal Law 50-e does not permit a federal court to grant leave to serve a late notice of claim in a tort action, federal courts are permitted to grant leave to file a late notice of claim in a contract action. *See* EUA Cogenex Corporation v. North Rockland Central School District, 124 F.Supp.2d 861, 863-64 (S.D.N.Y. 2000).

[6] At points, plaintiff relies on a one year and 90 day statute of limitations. *See* Plaintiff's Reply [21], p. 2. However, that limitations period applies only to tort claims. *See* Peek v. Williamsville Board of Education, 221 A.D.2d 919, 920 (4th Dept. 1995) ("General Municipal Law § 50-i (1) (c) and Education Law §3813 (2) require actions in tort to be commenced within one year and 90 days of the accrual of the claim. Education Law § 3813 (2-b) requires all other actions to be commenced within one year of the accrual of the claim").

[21] p. 2. Instead, the parties' dispute centers primarily on whether plaintiff's motion was filed beyond the one-year statute of limitations for her claims.

Whereas plaintiff argues that the "notice of claim should relate back to September 2014" (plaintiff's Memorandum of Law [12], p. 5), defendants argue that since plaintiff's claims accrued by the time she filed her Complaint on September 10, 2014, the latest she could have sought leave to file a late notice of claim was on September 10, 2015, thereby making her motion untimely. Defendants' Memorandum of Law [20-1], p. 4; Moore Declaration [20], ¶17. Alternatively, plaintiff argues that, at minimum, she "should be permitted to file a late notice of claim with respect to those breaches of the Resolution Agreement that occurred within the past year". Plaintiff's Memorandum of Law [12], p 5. Defendants agree that if plaintiff's motion is not deemed to be untimely in its entirety, they "should only be liable for damages that have accrued on or after February 1, 2015: the date [plaintiff] sought leave of the Court to file a late notice of claim". Defendants' Memorandum of Law [20-1], p. 4.

Where, as here, "a contract provides for continuing performance over a period of time, each breach may begin the running of the statute anew such that accrual occurs continuously". Airco Alloys Division Airco Inc. v. Niagara Mohawk Power Corp., 76 A.D.2d 68, 80 (4th Dept. 1980). *See also* CSEA Employee Benefit Fund v. Warwick Valley Central School District, 36 A.D.3d 582, 584 (2d Dept. 2007). Therefore, I cannot agree with defendants that plaintiff's claim is time-barred in its entirety. As the parties agree, any breaches occurring during the one year period preceding the filing of her notice of claim would not be time barred.

However, for the first time in her reply, plaintiff argues that since the statute of limitations was tolled due to her infancy, no portion of her claim is time-barred. Plaintiff's Reply [21], pp. 1-2. "Although courts normally do not consider arguments raised for the first

time in reply . . . the Court has discretion to do so." Dunkelberger v. Dunkelberger, 2015 WL 5730605, *18, n. 10 (S.D.N.Y. 2015); Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005). I believe that it is appropriate to do so here, since infancy is expressly listed among the factors N.Y. Education Law §3813(2-a) requires me to consider in determining whether to extend the time for service of a notice of claim, and defendants have not sought leave to file a sur-reply or to preclude consideration of that argument.

"Although infancy automatically tolls the statutory period for commencing an action against a municipality . . . . the infancy of an injured claimant does not, by itself, compel the granting of a petition for leave to serve a late notice of claim". Rennell S. v. North Junior High School, 12 A.D.3d 518, 519 (2d Dept. 2004). *See* Melissa G. v. N. Babylon Union Free School District, 50 A.D.3d 901, 903 (2d Dept. 2008) ("the infancy of the injured party is not, in itself, a reasonable excuse for the failure to serve a timely notice of claim"); Mahan v. Board of Education of Syracuse City School District, 269 A.D.2d 834, 834 (4th Dept. 2000) ("It is well settled that an extension of the statutory period within which to serve a notice of claim will not automatically be granted merely because the claimant is an infant . . . The fact that the claimant is an infant, however, weighs in favor of allowing service of a late notice of claim"). Although plaintiff does not attempt to "establish a nexus between the delay and the child's infancy, as [defendants] had actual notice of the essential facts and ha[ve] not shown prejudice by the delay, such a failure to show a reasonable excuse for the delay is not fatal to the application". Hinton v. New Paltz Central School District, 50 A.D.3d 1414, 1416 (3d Dept. 2008). *See also* Russo v. Monroe-Woodbury Central School District, 282 A.D.2d 465, 466 (2d Dept. 2001) ("a failure to establish a nexus between the delay and the petitioners' infancy is not fatal in cases where, as here, knowledge of the facts alleged in the claims was received contemporaneously and there is

no prejudice due to the delay"); Scuteri v. Watkins Glen Central School District, 261 A.D.2d 779, 780 (3d Dept. 1999). Therefore, I recommend that plaintiff's motion be granted, and that she be permitted to file a belated notice of claim for the breaches alleged in the Third Cause of Action ([10], ¶¶91-98) against defendant Buffalo Public Schools.[7]

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion [11] be granted. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by July 29, 2016 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

7 Since the Second Amended Complaint is captioned "Carolette Meadows, on behalf of . . . VM", I do not interpret it as asserting claims by Carolette Meadows on her own behalf. *Compare with* Complaint [1], which was captioned Carolette Meadows *and* on behalf of . . . V.M." (emphasis added). However, if Carolette Meadows did assert claims on her own behalf, she would not have the benefit of the infancy toll and her claims would be limited to breaches of the Resolution Agreement occurring after February 1, 2015. *See* Seekings v. Jamestown Public School System, 224 A.D.2d 942, 943 (4th Dept. 1996) ("The tolling during Christina's infancy is not available to [her parent], because it does not apply to a derivative cause of action").

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 12, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge